J-S54012-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RODNEY JERMAINE JOHNSON | |
| Appellant | No. 79 MDA 2014 |

Appeal from the PCRA Order December 16, 2013
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0006484-2008

BEFORE:  LAZARUS, J., MUNDY, J., and STABILE, J.

MEMORANDUM BY LAZARUS, J.                   **FILED SEPTEMBER 25, 2014**

Rodney Jermaine Johnson appeals *pro se* from the order entered in the York County Court of Common Pleas, dismissing his serial petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The trial court set forth the facts and procedural history of this case as follows:

> In the early morning hours of August 10, 2008, [Johnson] went to the home of his estranged wife, Barbara Friday, and initiated a harrowing physical and sexual assault upon her, while their three children were in the house, that lasted several hours through the night and into the next morning.  At the time, an active protection from abuse ("PFA") order had been in place to protect Friday from [Johnson].  [Johnson] informed Friday that if she did not do what he wanted, that he would hurt her and their children, asleep upstairs.

_____

[1] 42 Pa.C.S. §§ 9541-9546.

> After several incidents of sexual abuse in the living room of her home, [Johnson] forced Friday into the basement where he again forced himself on her, yelling at her, and punching her about the head. At some point, [Johnson] attempted to stab Friday in the chest, but she was able to move and the blade went into [her] left shoulder. Another sexual assault followed the stabbing, and only after Friday was able to find her ACCESS 911-cellphone and charge its dead battery, was she finally able to contact police and end her ordeal; the police arrived at the residence around 10:00 a.m. When the police arrived, they had to make a forcible entry into the home because [Johnson] refused to allow them to enter; Friday was so desperate to get her children away from [Johnson] that she handed them out the window to the police, to safety. The police took [Johnson] into custody.

Trial Court Opinion, 2/19/10, at 2-3.

Following a jury trial on May 11, 12, and 13, 2009, a jury convicted Johnson of two counts of rape, two counts of indecent deviate sexual intercourse ("IDSI"), one count of aggravated indecent assault, one count of aggravated assault (attempting to cause serious bodily injury), and one count of simple assault. The trial court sentenced Johnson on August 26, 2009 to an aggregate term of 28 to 56 years' incarceration. Johnson filed a series of post-sentence motions, which the trial court denied.

Johnson filed a timely appeal to this Court, and we affirmed his judgment of sentence on September 22, 2010. *Commonwealth v. Johnson*, 13 A.3d 991 (Pa. Super. 2010) (unpublished memorandum). Johnson sought allowance of appeal in the Pennsylvania Supreme Court, but his request was denied on March 1, 2011. Because Johnson did not file for *certiorari* from the United States Supreme Court, his sentence became final on May 30, 2011, ninety days after the deadline to seek a writ of *certiorari*.

***See*** 42 Pa.C.S. § 9545(b)(3) (judgment deemed final at conclusion of direct review or at expiration of time for seeking review).

Johnson filed the instant *pro se* PCRA petition, his third, on November 13, 2013. Johnson's petition is patently untimely. ***See*** 42 Pa.C.S. § 9545(b)(1) (PCRA petition must be filed within one year of date of underlying judgment becoming final). Moreover, Johnson fails to establish one of the cognizable exceptions to the PCRA timeliness requirements in his petition. ***See*** 42 Pa.C.S. § 9545(b)(1) (providing three exceptions to one-year time limit under PCRA). Accordingly, we lack jurisdiction to review the merits of Johnson's appeal. ***See Commonwealth v. Hackett***, 956 A.2d 978 (Pa. 2008) (timeliness of a PCRA petition is a jurisdictional requisite).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>9/25/2014</u>